UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OD'S ON FINANCE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VITTORIO MENA JR., and DOES 1-25,<br><br>    Defendants. | Case No. 25-cv-03027-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 12 |

Defendant's motion to dismiss the first amended complaint was scheduled for a hearing on July 11, 2025. Pursuant to Civil Local Rule 7-1(b), the Court determined that oral argument was not necessary and VACATED the hearing. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

Plaintiff OD's on Finance, LLC ("ODOF") is a California company that "promotes financial competence and career success for optometrists and those in related fields, including through the provision of newsletters and other resources to its community members." First Amend. Compl. ("FAC") ¶ 11. ODOF operates a Facebook group called "OD's on Finance," a website, and other social media pages, including on Instagram and LinkedIn. *Id*. Since at least January 2018, ODOF "has been continuously using the trademarks 'OD's on Finance' or 'ODS ON FINANCE' to market and sell its products, services, and other commercial activities throughout the United States," and in March 2024, ODOF obtained a registered trademark for "ODS ON FINANCE." *Id*. ¶¶ 12, 14.

Defendant Vittorio Mena Jr. ("Mena") is a licensed optometrist. *Id*. ¶ 15. Mena "holds himself out as possessing" several financial licenses, and "claims to be a regular monthly contributor

to Review of Optometric business columns and a lecturer on finance topics." *Id.* Mena also operates a Facebook group called "OD Finance Professionals" ("ODFP"), which markets itself as the "second" largest financial community in the "Optometry space." *Id.* ¶ 16. ODFP "advertises itself as a resource for support and advice for Optometrists and Optometry students in various areas of finance, including financial planning, generating and building wealth, retirement and estate planning." *Id.*

In March 2019, Mena became a member of the ODOF Facebook group. *Id.* ¶ 20. Mena attempted to sell cryptocurrency on the Facebook group, which constituted a violation of the group's "No Self-Promotions/Spam or MLM" guidelines. *Id.* As a result, Mena was banned from the ODOF Facebook group. *Id.* After he was banned, Mena "pleaded with ODOF to be let back into the group," and ODOF let Mena rejoin the group. *Id.* ¶ 21. However, soon after Mena rejoined the ODOF Facebook group, he attempted to sell life insurance to group members, again in violation of the group's guidelines. *Id.* Mena was permanently banned from the ODOF Facebook group. *Id.*

Around July 2023, Mena "began to publicly attack and defame ODOF, including its members such as Dr. Dat Bui, O.D. and Dr. Aaron Neufeld." *Id.* ¶ 22. ODOF alleges that "Mena's attacks were part of an overall campaign which involved his trading off the name and goodwill of ODOF, confusing consumers, and attempting to persuade them to utilize his products or services or that or his business partners over those offered by ODOF." *Id.* ¶ 23. The FAC alleges that Mena made a number of false or misleading statements about ODOF on Mena's social media pages, and ODOF has attached exhibits to the complaint containing screenshots of these statements.

The FAC alleges the following seven causes of action against Mena: (1) false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) false association under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and California Business & Professions Code § 14245; (4) defamation; (5) trade libel; (6) unfair competition and trade name infringement; and (7) tortious interference with prospective business advantage.

Mena moves to dismiss the Lanham Act causes of action for failure to state a claim and to dismiss the state law causes of action for lack of supplemental jurisdiction.

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"While the Ninth Circuit has not squarely decided that Rule 9(b) applies to Lanham Act claims, several of its district courts have reasoned that, 'where a Lanham Act claim is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation, then Rule 9(b) is applicable.'" *Yelp, Inc. v. ReviewVio, Inc.*, No. C 23-06508 WHA, 2024 WL 2883668, at *2 (N.D. Cal. June 6, 2024) (holding Rule 9(b) applied to state and federal unfair competition and false advertising claims where plaintiff alleged "false statements," "fraud," "false advertising," and "false and misleading statements") (quoting *23andMe v. Ancestry.com*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018)).

**DISCUSSION**

Mena raises a number of challenges to ODOF's Lanham Act claims. First, Mena contends that ODOF lacks standing to bring the Lanham Act claims because ODOF challenges alleged false

or misleading statements that predate the March 2024 trademark registration. Mena's argument both misunderstands the differences between Sections 43 and 32 of the Lanham Act and ignores the allegations of the complaint. ODOF's first two causes of action are brought under Section 43 of the Lanham Act, alleging false advertising and false association, and the third cause of action alleges trademark infringement under Section 32 of the Lanham Act. "Whereas section 32 provides protection only to registered marks, section 43(a) protects against infringement of unregistered marks and trade dress as well as registered marks, and protects against a wider range of practices such as false advertising and product disparagement[.]" *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (internal citation omitted). Thus, ODOF may challenge alleged false or misleading statements that predate the trademark registration under the first two causes of action. The FAC alleges that ODOF began using the marks in 2018, before any of the alleged false or misleading statements challenged in the first two causes of action; those claims challenge statements made in 2024 and 2025. *See* FAC ¶¶ 26-84. The third cause of action for trademark infringement under Section 32 of the Lanham Act alleges that ODOF informed Mena in August 2024 that it owned the trademarks "ODS ON FINANCE" and requested that Mena cease and desist from further use of or reference to the name, and that Mena has refused to comply. *Id*. ¶ 90. Thus, the allegations of the FAC are sufficient.

Second, Mena contends that ODOF's first cause of action for false advertising fails to comply with Rule 9(b). The Court disagrees. That cause of action identifies seven social media posts made by Mena that ODOF claims are false and misleading. The FAC alleges that Mena made the posts, the dates he made the posts, the exact statements, and alleges why the statements are false or misleading, and for six of the seven statements, the FAC includes screenshots of the statements. *Id*. ¶¶ 26-53, Ex. A-E. For example, the FAC alleges that on February 4, 2024, Mena posted a cropped photo of ODOF's Bui and Neufeld on the ODFP Facebook group page, and stated in the post that Bui and Neufeld "had flown down to tell the [American Optometric Association] that they realized that the finance team for the [AOA] needed optometrists with actual financial licenses" and that Bui and Neufeld had recommended Mena's group, ODFP, to the AOA. *Id.* ¶ 30, Ex. B. The FAC alleges that the post falsely stated that ODOF members had recommended ODFP to the AOA,

4

and misleadingly implied that a financial license was required in order for ODOF to conduct its business. *Id.* ¶ 33. Mena also argues that the FAC does not comply with Rule 9(b) because some of the allegations are made "on information and belief." None of those allegations are contained in the first cause of action. *See id.* ¶¶ 4, 143, 146 (paragraphs relating to the parties and seventh cause of action for tortious interference with prospective business advantage).

Third, Mena raises several challenges to the validity of ODOF's trademarks, both prior to and after registration. Mena argues, *inter alia*, that the registered mark is not distinctive and that ODOF has not alleged continuous use of the common law marks in a commercial capacity or priority of use. The Court finds that these arguments lack merit and that ODOF's allegations are sufficient as a pleading matter. With regard to the registered trademark, "[a]ny registration . . . owned by a party to an action shall be admissible in evidence and shall be prima face evidence of the validity of the registered mark and . . . of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration . . . ." 15 U.S.C. § 1115(a). Mena's challenges to the registered mark raise factual questions that cannot be resolved on the pleadings. As to the common law trademarks, Mena ignores the allegations of the complaint as to priority of use and ODOF's use of the marks in a commercial capacity. *See e.g.*, FAC ¶¶ 12, 16. Mena may renew these arguments on a factual record.

## CONCLUSION

The Court concludes that the amended complaint states a claim and DENIES Mena's motion to dismiss.

**IT IS SO ORDERED**.

Dated: July 18, 2025

SUSAN ILLSTON
United States District Judge